**Patricia J. MILLS, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

**No. 02–3110.**

United States Court of Appeals, Federal Circuit.

Oct. 15, 2002.

Before CLEVENGER, SCHALL, and LINN, Circuit Judges.

## DECISION

PER CURIAM.

Patricia J. Mills petitions for review of the final decision of the Merit Systems Protection Board ("Board") that dismissed for lack of jurisdiction her appeal of the action of the Department of the Navy ("agency") that removed her from her position (Docket No. DC–3443–01–0561–I–1). We *affirm*.

## DISCUSSION

### I.

Ms. Mills was employed as an Accounting Technician Work Leader, NF–0525–03, for the Department of the Navy at the Marine Corps Community Services, Marine Corps Base, Camp Lejeune, North Carolina. Community Services is a Non–Appropriated Fund Instrumentality ("NAFI"). On March 27, 2001, Ms. Mills was removed from her position for misconduct. She filed an appeal with the Board challenging her removal and alleging discrimination. The Board dismissed for lack of jurisdiction.

In the Board's June 13, 2001 acknowledgment order, the administrative judge ("AJ") informed Ms. Mills that she had the burden of proving that the Board had jurisdiction over her appeal. In light of that burden, the AJ ordered Ms. Mills to provide evidence and support for jurisdiction. The AJ noted that the Board does not

have jurisdiction over an appeal by a NAFI employee as an "otherwise appealable action" or as an "Individual Right of Action Appeal." The AJ ordered Ms. Mills to file statements with regard to the applicability of the Board's possible jurisdiction over her case under the Uniform Services Employment and Reemployment Rights Act of 1994 ("USERRA") and the Veterans Employment Opportunities Act of 1998 ("VEOA"). Particularly, the Board requested information regarding whether Ms. Mills was discriminated against on account of prior military service, as required for jurisdiction under USERRA, and whether she had timely filed a complaint with the Secretary of Labor, as required for jurisdiction under VEOA.

On September 19, 2001, the AJ granted the agency's motion to dismiss. The AJ held that, as a NAFI employee, Ms. Mills did not have the right to appeal to the Board. The AJ also held that Ms. Mills had not established that she had been a member of the uniformed services, as defined by 38 U.S.C. § 4303(13), and that therefore jurisdiction did not lie under USERRA. With respect to her VEOA claim, the AJ held that Ms. Mills had failed to allege or show that she had filed a timely complaint with the Secretary of Labor in an effort to exhaust her administrative remedies. Finally, the AJ determined that the Board did not have jurisdiction over Ms. Mills' allegations of prohibited personnel practices without an otherwise appealable matter. The AJ's initial decision became the final decision of the Board on October 24, 2001.

## II.

Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c); *Kewley v. Dep't of Health & Human Servs.*, 153 F.3d 1357, 1361 (Fed. Cir.1998). However, the issue of "[w]hether the Board has jurisdiction to adjudicate a particular appeal is a question of law, which we review *de novo.*" *Herman v. Dep't of Justice*, 193 F.3d 1375, 1378 (Fed. Cir.1999). A petitioner such as Ms. Mills bears the burden of establishing that a specific law, rule, or regulation vests the Board with jurisdiction to adjudicate her appeal. 5 U.S.C. § 7701(a); 5 C.F.R. § 1201.56(a)(2)(i); *Todd v. Merit Sys. Prot. Bd.*, 55 F.3d 1574, 1575 (Fed.Cir. 1995). For the reasons which follow, we conclude that the Board did not err in holding that it lacked jurisdiction over Ms. Mills' appeal.

For the Board to exercise jurisdiction over her appeal, Ms. Mills had to be an "employee" under 5 U.S.C. § 2105(c). Alternatively, Ms. Mills was required to prove that she suffered discrimination in employment due to her service in the military, so that the Board could exercise jurisdiction over her appeal based on USERRA. Finally, Ms. Mills could have established Board jurisdiction under VEOA if she had been able to show that she was a preference eligible and that she had exhausted her administrative remedies before appealing to the Board.

■ Ms. Mills made none of the required showings. First, Ms. Mills is not an "employee" for the purposes of 5 U.S.C. § 2105(c). Section 2105(c) states that "[a]n employee paid from nonappropriated funds of . . . instrumentalities of the United States under the jurisdiction of the armed forces . . . is deemed not an employee for the purpose of—(1) laws administered by the Office of Personnel Manage-

ment...." At the time of her removal, Ms. Mills was a NAFI employee excluded from the Civil Service Reform Act of 1978 ("CSRA") administered by the Office of Personnel Management ("OPM"). *See McAuliffe v. Rice*, 966 F.2d 979, 979–80 (5th Cir.1992) (holding that a NAFI employee was statutorily excluded from the personnel scheme created by the CSRA).

█ .USERRA, 38 U.S.C. §§ 4301–4333, grants the Board jurisdiction to hear appeals by individuals who claim they have been discriminated against in their employment due to their prior or current service in the military. 38 U.S.C. §§ 4311(a), 4324. Under the statute, Ms. Mills was required to show that she was a member of the uniformed services, that she was an applicant for a uniformed service, or that she had an obligation to perform duty in a uniformed service. She also had to show that the work-related discrimination she allegedly suffered was based on her status relative to the uniformed service. 38 U.S.C. § 4311(a). Ms. Mills failed to establish any personal connection to a uniformed service so as to provide the Board with jurisdiction over a USERRA claim.

█ Third, the VEOA, 5 U.S.C. § 3330a, grants the Board jurisdiction to hear appeals by individuals who are preference eligibles and who assert that an agency has violated their rights under any statute or regulation relating to veterans' preference. To establish Board jurisdiction under VEOA, Ms. Mills had to prove that she was preference eligible, that an agency violated her rights on or after October 31, 1998, and that she filed a timely complaint with the Secretary of Labor in order to exhaust her administrative remedies. 5 U.S.C. § 3330a. Although Ms. Mills did allege that she was a preference eligible and that the agency violated her rights during the years 1999 to 2001, she did not establish, let alone allege, that she had filed a complaint with the Secretary of Labor. Accordingly, her VEOA claim was properly dismissed for lack of jurisdiction.

█ Finally, the Board may not review prohibited personnel practices unless the claims are coupled with an independently appealable action. *See Cruz v. Dep't. of the Navy*, 934 F.2d 1240, 1245 (Fed.Cir. 1991) (*en banc*). Ms. Mills' contention that the agency employed disciplinary action against her in response to her complaints of discrimination is a prohibited personnel practice claim that must be coupled with an otherwise appealable matter. Since there is no independently appealable action in this case, the Board lacks jurisdiction over Ms. Mills' claims and they were properly dismissed.

For the foregoing reasons, the final decision of the Board is affirmed.